# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:10CR62 |
| | § | |
| BILLY HAMPTON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 29, 2013, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez.

On September 28, 2007, Defendant was sentenced by the Honorable Sidney A. Fitzwater, United States District Judge, to a sentence of 12 months imprisonment followed by a 5-year term of supervised release for the offense of felon in Bank Fraud and Aiding and Abetting. Defendant began his term of supervision on September 25, 2008. On March 29, 2010, the case was transferred to the Honorable Richard A. Schell, United States District Judge.

On September 4, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 3). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (3) Defendant shall refrain from excessive use of alcohol and shall not

purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall participate in a program (inpatient/outpatient) approved by the United States Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment; (5) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (7) Defendant shall not leave the judicial district without the permission of the court or probation officer; (8) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (10) Defendant shall not enter into any self-employment while under supervision without prior approval of the United States Probation Officer.

The Petition alleges that Defendant committed the following violations: (1) Defendant was arrested on August 2, 2010, by the Richardson, Texas Police Department for the offense of Fail to Identify. On April 6, 2011, he pled no contest to the Class C Misdemeanor offense of Disorderly Conduct under Docket No. MA1046147 in Dallas County, Texas. The sentence was deferred for three months. He was ordered to pay a $100 fine, and the probation term expired on July 6, 2011; (2) Defendant submitted urine specimens that tested positive for cocaine on November 2, 2009, August 17, 2010, and July 17, 2012; (3) On August 6, 2012, Defendant admitted verbally to using

cocaine during February 2012, and smoking marijuana during June 2012, when he participated in a substance abuse evaluation with Bob Alterman LCDC, Plano, Texas; (4) Defendant failed to submit urine specimens for testing on October 3, 2008, January 29, 2009, November 23, 2009, March 1, 2010, June 30, 2010, September 17, 2010, December 13, 2010, January 13, 2011, and November 5, 2012, at Bob Alterman LCDC, Plano, Texas; (5) Defendant failed to report to the U.S. Probation Office as instructed on July 25, 26, and 27, 2012; (6) During an office visit conducted on December 9, 2009, Defendant verbally admitted he had traveled to Alabama, without permission from the U.S. Probation Office. Defendant was instructed he is not to travel outside the Eastern District of Texas, especially Alabama, without prior permission; (7) Defendant subsequently traveled to Huntsville, Alabama, on February 24, 2013, without prior approval from the U.S. Probation Office. Unapproved travel was verified by a incident report from the Mississippi Highway Patrol reflecting Mr. Hampton had contact with law enforcement on February 27, 2013. Additionally, Defendant admitted in writing during the submission of his monthly supervision report on March 5, 2013, that he traveled to Alabama, but failed to report contact with law enforcement; (9) As noted in a Mississippi Bureau of Narcotics report, Defendant was in a vehicle on February 27, 2013, with Franklin Lorenzo Barfield, a known convicted felon; and (10) While under supervised release, Defendant has denied being self-employed. During an office visit conducted on July 6, 2010, he was verbally admonished because his cell phone voice mail message indicated the number belonged to "Alymar and Associates." He denied being self-employed and was instructed to change the voice message. A State of Texas Certificate of Amendment was filed for the Limited Liability Company "Big Mama's" on October 24, 2012, identifying Defendant as a member-manager and partner with 51% ownership of profit, loss, and capital in the entirety noticed in the Petition for Warrant or

Summons for Offender Under Supervision filed September 4, 2013.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 29, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve months (12) months and one (1) day, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 31st day of October, 2013.**

                                                                    _____
                                                                    DON D. BUSH
                                                                    UNITED STATES MAGISTRATE JUDGE